UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CYNTHIA E. MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV02154 AGF |
| | ) | |
| ERIC H. HOLDER, JR., ATTORNEY | ) | |
| GENERAL OF THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

## **PLAINTIFF'S MEMORANDUM IN SUPPORT OF HER MOTION IN LIMINE**

Plaintiff Moore brought this lawsuit alleging that Defendant denied her a promotion to Senior Bankruptcy Analyst on account of her race. She asks the Court to exclude from the trial of this case any evidence of, or reference to, the following matters:

### 1. Opinion testimony of witnesses about racial discrimination

Ms. Moore anticipates that Defendant will seek to elicit testimony from one or more witnesses that it did not discriminate against her on account of her race. For example, in its pre-trial submission Defendant has designated the testimony of Robert Newton, a Regional Administrative Officer, who asserted at the EEOC hearing that he did not believe that Nancy Gargula, a key decisionmaker with regard to the challenged employment decision, ever distributed cash incentive awards to employees in a racially biased manner. See Exhibit 1 at p. 137 attached hereto.

Such opinion testimony by a lay witness on the ultimate issue of discrimination is inadmissible under controlling legal authority. The Federal Rules of Evidence allow a lay witness to testify in the form of an opinion if -- but only if -- it is "helpful" to the jury. See F.R. Evid. 701(b). Courts have held many times that the subjective conclusion of a witness that the

1

defendant did not discriminate against the plaintiff is not helpful to the jury because it can decide for itself, based on the objective facts presented to it, whether such a conclusion is, or is not, warranted. The Second Circuit made this clear when it stated: "witnesses are free to testify fully as to their own observations of the defendant's interactions with the plaintiff or with other employees, but the witness's opinion as to the defendant's ultimate motivations will often not be helpful within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant was motivated by an impermissible animus." **Hester v. BIC Corp.**, 255 F.3d 178, 185 (2d Cir. 2000). Notably, the Eighth Circuit has approved and endorsed the reasoning of the Second Circuit. See **American Bank of St. Paul v. TD Bank, N.A.,** 713 F.3d 455, 465 (8th Cir. 2013); see also **Lang v. K.C. Power & Light Co.**, 199 F.R.D. 640, 659 (W.D. Mo. 2001).

Defendant is free to obtain from a witness whatever relevant facts it thinks may lead the jury to a finding of non-discrimination. However, it may not go further and, contrary to the cited authority, have the witness testify that, in his or her opinion, there was no racial discrimination against Ms. Moore. Such testimony would not assist the jury in determining whether Defendant violated Title VII.

## 2.    EEOC Decision

After a two-day hearing, an administrative law judge for the EEOC issued Findings of Fact and Conclusions of Law against Ms. Moore on her claim of race discrimination. They are lengthy; they run to 24 pages. See Exhibit 2 attached hereto. The trial of this case will malfunction if Defendant is allowed to draw the jury's attention to the EEOC decision because its probative value is quite low and its potential for unfair prejudice quite high.

A federal employee is entitled to a trial de novo of her claim of discrimination under Title VII notwithstanding a prior adverse determination by the EEOC. **Chandler v. Roudebush**, 425 U.S. 840, 848 (1976). The Eighth Circuit has held, in a leading case on the topic, that trial judges should exercise their discretion to bar EEOC decisions from trial where "sufficient negative factors are present" as measured by Rule 403 of the Federal Rules of Evidence. **Johnson v. Yellow Freight Systems**, 734 F.2d 1304, 1309 (8th Cir. 1984); see also **Silverman v. Board of Education**, 637 F.3d 729, 732-733 (7th Cir. 2011). This is especially true in a case tried to a jury, as opposed to a judge, because the EEOC decision "is much more likely to present the danger of creating unfair prejudice in the minds of the jury than of the trial judge, who is well aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight and no more." **Walker v. Nationsbank of Florida**, 53 F.3d 1548, 1554 (11th Cir. 1995).[1]

Rule 403 adopts a balancing approach to the admission or exclusion of evidence at trial. It provides that "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, the balance inclines sharply against allowing Defendant to highlight to the jury in opening argument, during the course of the trial, or in closing argument the EEOC's determination against Ms. Moore.

First, the probative value of the evidence is slight to non-existent. Substantial evidence will be presented at trial by both parties on the matters discussed in the EEOC decision. Under these circumstances, it fades into insignificance. The EEOC decision will add nothing to the

---

[1] The legal analysis governing the admissibility of EEOC decisions is the same whether it is a federal sector case or a private sector case. **Rihn v. Jackson**, 2008 U.S. Dist. LEXIS 21305 at * 6-7 (E.D. Mo. Mar. 18, 2008).

probative value of the evidence that is actually submitted to the jury for a de novo determination on the merits of Ms. Moore's claim of racial discrimination. **Johnson**, 734 F.2d at 1309; **Scarlett v. School of the Ozarks**, 2011 U.S. Dist. LEXIS 13127 at *11 (W.D. Mo. Feb. 7, 2011).

Second, there is a real danger that the jury will attach undue weight to a decision by an EEOC administrative law judge. It was not merely a preliminary determination that Ms. Moore lacked reasonable cause for her claim of racial discrimination, which would be bad enough, but a final determination that the claim lacked any merit at all, which is worse yet. **Cambra v. The Restaurant School**, 2005 U.S. Dist. LEXIS 26231 at *13-14 (E.D. Pa. Nov. 2, 2005). Because the EEOC is the federal agency charged with enforcing Title VII, a jury composed of laypeople may conclude that it should not second-guess the decision of the administrative law judge. The jury may not understand that it must independently evaluate the claims and defenses of the parties and may instead simply defer to the resolution of those issues by the administrative law judge. "To admit the [EEOC] report under these circumstances would amount to admitting the opinion of an expert witness as to what conclusions the jury should draw, even though the jury had the opportunity and the ability to draw its own conclusion from the evidence presented regarding disparate treatment." **Johnson**, 734 F.2d at 1309.

Such a result would undermine Ms. Moore's right to a trial de novo on her claim of race discrimination under Title VII. It would also diminish and depreciate the role of the jury, converting it into a kind of appellate court which reviews, with a light touch, the decision of an administrative agency. **Oldham v. West**, 47 F.3d 985, 989 (8th Cir. 1995).

Third, allowing any reference to the EEOC decision would shift the jury's focus away from the issue of whether Defendant considered Ms. Moore's race in denying her the promotion

and towards a protracted and unproductive analysis of the procedural adequacy of the EEOC's hearing and the substantive accuracy of its decision. Such a star-crossed line of inquiry would impose substantial costs (it would lengthen the trial and confuse jurors) without any corresponding benefits (it would not enhance the truth-seeking function of the trial). Ms. Moore would waste time exposing the weaknesses of the EEOC's Findings of Fact and Conclusions of Law while Defendant would waste time trying to show their strengths. It is better to focus more directly, and more efficiently, on the immediate question at hand: was Ms. Moore the victim of race discrimination when she was denied the promotion to Senior Bankruptcy Analyst? **Johnson**, 734 F.2d at 1309.

In sum, the Court should exclude any reference to the EEOC decision from the trial of the case under Rule 403 because it would be irrelevant, unfair, prejudicial, duplicative, confusing and time-consuming.

### 3. Evidence concerning the general note-taking skills of Nancy Gargula

It is expected that Defendant will seek to introduce testimony at trial, as it did at the EEOC hearing, that Nancy Gargula is a skilled and conscientious note-taker and, as a result, must have kept accurate and complete notes of her conversations with Ms. Moore. See Exhibit 3 at pp. 360-361 and Exhibit 4 at p. 260 attached hereto. Such testimony would be impermissible character evidence, however, in violation of Rule 404(a)(1) of the Federal Rules of Evidence.

Rule 404(a)(1) provides that "evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Defendant's proposed evidence is intended show a trait about Ms. Gargula -- that she is supposedly a good note-taker -- in order to suggest to the jury that because she has kept good notes on other occasions she must have kept good notes when she spoke with Ms.

5

Moore. The very purpose of the evidence is the one expressly prohibited by Rule 404(a)(1) and therefore the evidence must be excluded from trial. **Harriman v. Pullman Palace-Car Co.**, 85 Fed. 353 (8th Cir. 1898) (error to admit evidence that railroad employee charged with negligently injuring the plaintiff was ordinarily careful, competent, and attentive).

4. **Evidence that Plaintiff did not express an interest in or seek training for the position of Senior Bankruptcy Analyst**

Defendant is free to argue that Ms. Moore did not meet the qualifications for Senior Bankruptcy Analyst as set forth in its job description and job announcement. By no means does this mean, however, that Defendant is free to repeatedly criticize Ms. Moore, as it did in its summary judgment submission, because she did not volunteer to take on some of the duties of the position or get training for it in the years before the position was posted. See Defendant's Memorandum in Support of Motion for Summary Judgment at pp. 6, 9, 11-12.

This is because neither the job description nor the job announcement for Senior Bankruptcy Analyst required that Ms. Moore do these things in order to qualify for the job. See Exhibit 5 and Exhibit 6 attached hereto. Indeed, the merit service rules expressly forbid providing such an unfair advantage to a potential applicant. See 5 U.S.C. § 2303(b)(6). Federal appellate courts have held that employers cannot seek to justify their personnel decisions based on factors or considerations not mentioned in their job descriptions or job announcements; they cannot retroactively add requirements to those documents merely because it is convenient to do so after they have been sued for unlawful discrimination. See, e.g., **Courtney v. Biosound, Inc.**, 42 F.3d 414, 421 (7th Cir. 1994) (denying the employer's motion for summary judgment where the job description failed to mention a requirement that the employer later claimed was essential); **Gallo v. Prudential Residential Servs.**, 22 F.3d 1219, 1225 (2d Cir. 1994) (same).

6

Given this body of case law, Defendant cannot be allowed to fault Ms. Moore for failing to take action that was not required by its own job description and job announcement.

Especially is this true when it is kept in mind that contributory negligence is not a defense to a claim of intentional discrimination under Title VII. **EEOC v. Product Fabricators**, 873 F. Supp. 2d 1093, 1103 (D. Minn. 2012) (collecting cases). Defendant wants to tell the jury that it should reject Ms. Moore's claim of race discrimination because she was careless in failing to express an interest in the job or to seek training for it in the years before it was posted. But defenses based on the contributory negligence of the employee are not available under Title VII and to allow Defendant to make such an argument would be improper.

Ms. Moore anticipates that Defendant may argue that its proposed evidence is relevant to its claim that Ms. Moore did not really want the job of Senior Bankruptcy Analyst. But if Ms. Moore was not required by the job description and the job announcement to do the things that Defendant claims that she should have done then her failure to do them cannot establish her lack of interest in the job. The proposed evidence has no probative value or, if it has some slight value, it is far outweighed by the danger of unfair prejudice to Ms. Moore -- by Defendant continually harping on her alleged derelictions when they were not derelictions at all. See F.R. Evid. 403.

                                              SEDEY HARPER, P.C.
                                              Attorneys for Plaintiff

                                              */s/Jessica M. Scales*

                                              _____
                                              Jessica M. Scales, #64136
                                              2711 Clifton Avenue
                                              St. Louis, MO 63139
                                              314/773-3566
                                              314/773-3615 (fax)
                                              jscales@sedeyharper.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the above was served on November 3, 2014, via the Court's electronic notification system to:

Christina B. Moore    #53917-MO
Assistant United States Attorney
Thomas F. Eagleton U.S. Courthouse
111 S. 10th Street, 20th Floor
St. Louis, MO 63102
(314) 539-3991
Fax: (314) 539-2777
Christina.moore@usdoj.gov
Attorneys for Defendant

/s/ Jessica M. Scales
_____