UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CYNTHIA E. MOORE,              )
                               )
    Plaintiff,              )
                               )
    v.                      )    Case No. 4:12CV02154 AGF
                               )
ERIC H. HOLDER, JR., Attorney  )
General of the United States,  )
                               )
    Defendant.              )

# MEMORANDUM AND ORDER

Upon review of the record and following the final pretrial conference in this case held on the record on November 12, 2014, and for the reasons stated by the Court thereat, the Court sets forth its rulings on the parties' motions in limine and objections to pretrial materials, as follows:

**Plaintiff's Motion in Limine** (Doc. No. 56)

1. The opinion testimony of any witness that Defendant did not discriminate against Plaintiff on account of her race: **DENIED as moot** having been resolved by the parties.

2. The EEOC's Findings of Facts and Conclusions of Law against Plaintiff following an administrative hearing on her claim of race discrimination: **DENIED as moot** having been resolved by the parties. Defendant will not offer the written EEOC decision or fact of EEOC determination.

3. Evidence concerning the general note-taking skills of Nancy Gargula: **DENIED in part and GRANTED in part**. Defendant will be permitted to offer evidence that Gargula had the habit of taking detailed notes, but will not be permitted to

offer evidence of the quality of her notes, such as that they were accurate, meticulous, or complete.

4. Any evidence faulting Plaintiff for not expressing interest in or seeking training for the position of Senior Bankruptcy Analyst prior to the date it was posted: **GRANTED** without prejudice, subject to reconsideration if such evidence proves relevant as the evidence at trial comes in.

**Plaintiff's Second Motion in Limine** (Doc. No. 59)

Testimony of Rodney Clark, Barbara Dorsey, and Peter Lumaghi: **DENIED as moot in part**, having been resolved by the parties as to Clark and Lumaghi who will not be called by Defendant. Ruling **RESERVED** as to Dorsey pending further information by counsel.

**Plaintiff's Objections to Defendant's Exhibits** (Doc. No. 62)

**OVERRULED as moot**, as to Exhibits A, D, JJ, and KK, as the parties agreed to use the transcripts only for impeachment, and as to Y, which Plaintiff has withdrawn. Ruling **RESERVED** as to Exhibits C, H, I, J, and K, consisting of handwritten notes by Gargula.

**Defendant's Motion in Limine** (Doc. No. 58)

1. Personnel records regarding Plaintiff from years before the selection at issue – Plaintiff's trial Exhibits 10 (2005 performance appraisal), 11 (2003 performance appraisal),and 12 (1995 memo from Peter Lumachi recommending Plaintiff for promotion): **DENIED** as to Exhibits 10 and 11 as these reflect relevant evidence of Plaintiff's job performance. Ruling **RESERVED** with respect to Exhibit 12, pending Plaintiff laying a proper foundation showing the circumstances under which the memo was written.

2. Hand-written notations on Plaintiff's trial Exhibit 55 (Promotion/Candidate List): **DENIED as moot**, having been resolved by the parties. Plaintiff will redact the document to remove hand-written notations.

3. Plaintiff's trial Exhibits 62, 63, and 64: **DENIED as moot**, having been resolved by the parties. Plaintiff will not use the exhibits at trial.

2

4. Deposition testimony of Cynthia Ann Beck and John Church, and Plaintiff's trial Exhibits 65 (interrogatory from Paul Randolph), 66 (interrogatory for Daniel Casamatta), 67 (interrogatory for Nancy Gargula), 68 (affidavit of Robert Newton), and 69 (affidavit of Plaintiff): **DENIED as moot** by agreement of the parties that these exhibits will only be used for impeachment purposes.

5. Evidence regarding Defendant's alleged violation of 5 U.S.C. §2302 (b)(6) (prohibiting favoritism to any employee), and Plaintiff's trial Exhibits 58 (5 U.S.C. §2302(b)(6)), 81 (summary of §2302), and 84 (summary of §2302 and staffing plan against favoritism): Ruling **RESERVED**.

6. Testimony regarding alleged discrimination with respect to other employees: **DENIED as moot** by agreement of the parties as to legal clerk Smith, about whom Plaintiff will not present evidence; and ruling **RESERVED** as to evidence concerning Tonya Nero-Britt.

7. References to cash awards or incentive awards: **DENIED as moot** by agreement of the parties that Plaintiff will not offer such evidence.

8. Plaintiff's trial Exhibit 80 (chart): **DENIED**, subject to reconsideration upon supplemental argument by Defendant as to entries on the chart that may be unfair due to omissions.

9. Plaintiff's trial Exhibits 83 (summary showing two-year in-grade requirement for position in question, quoting a government memo), and 84 (summary showing two-year requirement): Ruling **RESERVED** pending Plaintiff establishing a proper foundation for these exhibits.

10. Plaintiff's Exhibit 85: **DENIED as moot** by agreement of the parties that Plaintiff will not use this exhibit.

11. Plaintiff's trial Exhibits 92 and 93 related to damages calculations: **DENIED** without prejudice, subject to Plaintiff providing Defendant on November 13, 2011, all necessary information to verify the calculations.

12. References to or request for punitive damages: **DENIED as moot** by agreement of the parties that Plaintiff is not requesting punitive damages.

**Defendant's Second Motion in Limine** (Doc. No. 64)

1 and 2. Plaintiff's trial exhibits 95-103: **GRANTED in part and DENIED in part**. Plaintiff may use these exhibits in cross examination to the extent Plaintiff can establish they were in effect at the relevant time.

**Defendant's Objections to Exhibits** (Doc. No. 65)

1. Plaintiff's trial exhibit 25 (Defendant's response to an interrogatory in EEOC proceedings suggesting a two-year in-grade requirement for the position in question): Ruling **RESERVED** pending submission to the Court of the interrogatory response at issue, and Plaintiff establishing a proper foundation for the two-year requirement.

2. Plaintiff's trial exhibit 57 ("08/25/08 Memo for the Record by Newton Re: Cynthia Moore notified that position is in Kansas City"): Ruling **RESERVED** pending Plaintiff establishing at trial a proper foundation for the document as a business record.

3. Plaintiff's trial exhibits 60 ("Central Schedule Qualifications Policies") and 94 (FERS Information): **DENIED** as to Exhibit 60 which can be used for cross examination, assuming its authenticity is established and that it was in effect at the relevant time. **DENIED as moot** as to Exhibit 94, as this exhibit was withdrawn by Plaintiff.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2014.