UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CYNTHIA E. MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12CV02154 AGF |
| | ) |
| ERIC H. HOLDER, JR., Attorney | ) |
| General of the United States, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Plaintiff's Objections (Doc. No. 62) to Defendant's Exhibits C, H, I, J, and K, consisting of handwritten notes by Nancy Gargula. Gargula was the decision-maker who denied Plaintiff a promotion, a decision that Plaintiff claims was based on race. It is anticipated that Gargula will testify that at an interview with Plaintiff, Plaintiff stated that the position she was seeking was not "rocket science," and that she (Plaintiff) tried to avoid or ignore rules that she believed were tedious or unimportant. Gargula will further testify that these comments contributed to Gargula's decision not to promote Plaintiff.

It is also anticipated that Gargula will testify that she took notes during the interview in accordance with her regular note-taking practice, and that her practice was to keep the notes until the position in question was filled and background was complete. Plaintiff seeks to preclude Defendant's introduction of the notes, which reflect the two

above-noted statements, into evidence, on grounds of hearsay, as the notes would be offered to prove the truth of Gargula's testimony that Plaintiff made the two comments in question. Plaintiff also argues that introduction of the notes would be an improper use of a prior consistent statement.

Plaintiff's alleged comments to Gargula are admissible non-hearsay when offered against Plaintiff, as statements of a party opponent, pursuant to Federal Rule of Evidence 801(d)(2)(A). The problem here arises because the comments are contained in the notes. The Court agrees with Plaintiff that the notes are hearsay because they are an out-of-court statement of Gargula and introduced for the truth of the matters asserted therein, namely that Plaintiff made the two comments in question. However, the notes potentially fall under two hearsay exceptions. First, assuming Gargula testifies as outlined above, the notes would constitute her present sense impression of her interview with Plaintiff, admissible under Rule 803(1). *See Sullivan v. Temple University*, No. 11-7305, 2014 WL 641341, at *4 (E.D. Pa. Feb. 19, 2014) (holding that notes of committee members reciting facts provided in interviews with job applicants, including the plaintiff, were present sense impressions, provided the defendant laid a proper foundation at trial; out-of-court comments by the plaintiff contained in the notes were admissible as statements by a party opponent); *Tracinda Corp. v. DaimlerChrysler AG*, 362 F. Supp. 2d 487, 502 (D. Del. 2005).

Second, the notes would fall under the business record exception, assuming the evidence shows that Gargula kept the notes in the course of a regularly conducted

2

business activity, and that this was her regular practice. *See Thanongsinh v. Bd. of Educ.*, 462 F.3d 762, 775-76 (7th Cir. 2006) (holding that the district court erred in excluding an interviewer's score sheet and handwritten notes on that document because both fell within the business record exception); *United States v. Goodchild*, 25 F.3d 55, 62 (1st Cir. 1994).

Accordingly,

**IT IS HEREBY ORDERED** that objections to Defendant's Exhibits C, H, I, J, and K are **OVERRULED** at this point.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 13th day of November, 2014.